IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EDDIE HABTE MEKASHA,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTY AL-NEMAH, Director, and TAYLOR WILSON,<br><br>Defendants. | 8:20CV54<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the court for an initial review of Plaintiff's pro se, in forma pauperis Complaint (Filing 1) to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff alleges that he was terminated from his job as a Rehab Mental Health Technician at CHI-PRTF, which, according to the facility's website, is short for CHI Health Psychiatric Residential Treatment Facility in Omaha, Nebraska.[1] Plaintiff, who is black and from Ethiopia, claims he was terminated based on his race, color, and national origin. Plaintiff does not name his employer as a Defendant, but instead names Christy Al-Nemah, Director of CHI-PRTF, and Taylor Wilson, Plaintiff's supervising nurse at CHI-PRTF.

Plaintiff claims that he "was always receiving promotions and good performance rat[ings]," but was terminated on September 14, 2018, when Defendant Wilson (who is neither black nor African) reported Plaintiff to Defendant Al-Nemah for neglect of duty "for the same work practice others born in USA do." (Filing 1 at

---

[1] *See* https://www.chihealth.com/en/services/behavioralcare/childadolescent/prtf.html?utm_source=LocalSearch&utm_medium=Facility&utm_campaign=CHIHealth&utm_term=CHIHealthPsychiatricResidentialTreatmentFacility.

CM/ECF p. 5.) Plaintiff alleges that Wilson regularly assigned him to work in the kitchen for the first few hours of his shift instead of his main assignment of "doing rounds." Plaintiff claims that when he was working in the kitchen, no one checked on the patients. When something negative happened to a patient while he was working in the kitchen, Plaintiff was blamed for patient neglect despite the fact he could not perform rounds during kitchen-duty. As Plaintiff states, "Every shift the first one or two hours I was assigned at kitchen and I couldn't round any patient then later it was used like scape goat to cover their negligence of not checking patients." (Filing 1 at CM/ECF p. 7.) This is what happened, Plaintiff contends, on the day he was terminated from his employment.

Plaintiff also alleges that a West-African coworker was terminated "because he is born outside like me" after Nurse Wilson made an accusation against him. (Filing 1 at CM/ECF p. 7.)

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint

must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.* at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION OF CLAIMS

This is an action to redress alleged violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Nebraska Fair Employment Practice Act ("NFEPA"), Neb. Rev. Stat. § 48-1101 *et seq.* Plaintiff alleges he was terminated because he is black and from Ethiopia. Title VII and the NFEPA prohibit employers from discriminating against employees because of their race, color, or national origin. 42 U.S.C. § 2000e-2(a)(1) (Westlaw 2020); Neb. Rev. Stat. § 48-1104 (Westlaw 2020). Discrimination claims arising under the NFEPA are analyzed in the same manner as discrimination claims arising under Title VII. *See Edwards v. Hiland Roberts Dairy, Co.*, 860 F.3d 1121, 1124 n. 3 (8th Cir. 2017).

Absent direct evidence of discrimination, Plaintiff must satisfy the *McDonnell Douglas*[2] burden-shifting framework and establish a prima facie case by showing: "(1) he is a member of a protected class, (2) he met his employer's legitimate expectations, (3) he suffered an adverse employment action, and (4) the circumstances give rise to an inference of discrimination (for example, similarly situated employees outside the protected class were treated differently.)" *Gibson v. Am. Greeting Corp.*, 670 F.3d 844, 853-54 (8th Cir. 2012).

Liberally construed, Plaintiff's Complaint contains sufficient facts to establish a prima facie case of discrimination because Plaintiff alleges: (1) he is black and Ethiopian; (2) his performance was satisfactory; (3) his employment was terminated; and (4) the same co-worker who set Plaintiff up to be terminated made an accusation against a West African co-worker which caused him to be terminated as well, and Plaintiff was charged with neglect of duty "for the same work practice others born in USA do." Further, Plaintiff has shown that he has exhausted his administrative remedies and filed suit within the time prescribed by Title VII and the NFEPA.

---

[2] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

While Plaintiff alleges sufficient facts to state a claim under Title VII and the NFEPA, he has sued the wrong Defendants. "Title VII addresses the conduct of employers only and does not impose liability on co-workers." *Powell v. Yellow Book USA, Inc*., 445 F.3d 1074, 1079 (8th Cir. 2006). Because Plaintiff clearly identifies the employer that is the subject of his Complaint, I shall direct the Clerk of Court to add Plaintiff's employer as the sole Defendant in this case, and I shall dismiss without prejudice Defendants Al-Nemah and Wilson. *See Schoffstall v. Henderson*, 223 F.3d 818, 821 n.2 (8th Cir. 2000) ("[s]upervisors may not be held individually liable under Title VII"); *Gould v. Union Pac. R.R*., No. 8:13CV39, 2013 WL 3201344, at *2 (D. Neb. June 24, 2013) (dismissing without prejudice Title VII claims against in-house legal counsel and claims agents because Title VII prohibits *employers* from engaging in unlawful employment practices and does not impose individual liability on coworkers or supervisors); *McCann v. New World Pasta Co.*, 2010 WL 3834650, *1 (E.D. Mo. Sept. 27, 2010) (holding Title VII and ADA claims were legally frivolous as to individual defendants because chief executive officers, supervisors, and co-employees cannot be held individually liable under Title VII, ADA, or ADEA).

## IV. CONCLUSION

Plaintiff has alleged facts stating a claim for discrimination based on race, color, and national origin and has shown that he has exhausted administrative remedies before filing this suit in a timely manner. While Plaintiff has failed to sue a proper defendant under Title VII, the court will direct the Clerk of Court to add Plaintiff's employer as a Defendant in this case and will order service of process.

IT IS ORDERED:

1. Plaintiff's claims under Title VII of the Civil Rights Act of 1964 and the Nebraska Fair Employment Practice Act for discrimination based on race, color, and national origin shall proceed to service of process.

2.     The Clerk of Court shall add as a Defendant in this case CHI Health Psychiatric Residential Treatment Facility. Plaintiff's claims against Defendants Christy Al-Nemah, Director, and Taylor Wilson are dismissed without prejudice.

3.     To obtain service of process on Defendant CHI Health Psychiatric Residential Treatment Facility, the Clerk of Court is directed to send one summons form to Plaintiff at his last-known address. Plaintiff shall complete the summons form, which must include as the Defendant CHI Health Psychiatric Residential Treatment Facility, 6845 N. 68th Plaza, Omaha, NE 68122, in the absence of which service cannot occur. Plaintiff shall then return the completed summons to the Clerk of the Court.

4.     Upon obtaining the summons from Plaintiff, the Clerk of Court is directed to issue the summons for Defendant CHI Health Psychiatric Residential Treatment Facility, 6845 N. 68th Plaza, Omaha, NE 68122. The Clerk of Court is further directed to deliver the summons, the necessary USM-285 Forms, the Complaint (Filing 1) and a copy of this Memorandum and Order to the Marshals Service for service of process on Defendant CHI Health Psychiatric Residential Treatment Facility, 6845 N. 68th Plaza, Omaha, NE 68122. Service may be accomplished by using any of the following methods: personal, residence, certified mail, or designated delivery service. *See* Fed. R. Civ. P. 4(e); Neb. Rev. Stat. §§ 25-508.01 & 25-510.02 (Westlaw 2020).[3]

---

[3]Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc*., 710 F.3d 782, 783 (8th Cir. 2013).  Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "**[t]he officers of the court shall issue and serve all process, and perform all duties in such cases**." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory). *See, e.g*., *Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for

5. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

6. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this Memorandum and Order to complete service of process.

7. The Clerk of Court is directed to set the following deadline: September 14, 2020—completion of service of process due.

8. Pursuant to General Order No. 2020-01 ¶ 6, because this non-prisoner case is proceeding to service of process, this case is removed from the pro se docket. The Clerk of Court shall randomly assign new judges to this case and request a reassignment order from the Chief Judge.

Dated this 16th day of June, 2020.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge

---

prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).